

**U.S. Department of Justice**

United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C.  20001*

July 14, 2005

Jonathan Jeffress, Esquire
Office of the Federal Public Defender
625 Indiana Ave., N.W.
Suite 550
Washington, DC 20004

      *Re:*  <u>Damani Williams</u>
         *Case No. 05-238*

Dear Mr. Jeffress:

  I am writing to provide you with a plea offer and certain information in response to your request for discovery pursuant to Fed. R. Crim. Pro. 16.

**I.**  **Plea Offer**

  Your client is currently charged with (1) Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. Section 922(g)(1); (2) Unlawful Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. Section 841(a)(1)(C); (3) Unlawful Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. Section 841(b)(1)(C); and (4) Using, Carrying, and Possession a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. Section 924(c)(1).

  At this time, the Government is extending the following plea offer: If your client

(1) pleads guilty to Count 2 of the indictment (Unlawful Possession with Intent to Distribute Cocaine) and admits to relevant conduct as to the .75 grams of heroin in Count 3, .79 grams of methadone, and 1.2 grams of marijuana;
(2) pleads guilty to Count 4 of the Indictment (Using, Carrying, and Possession a Firearm During a Drug Trafficking Offense);
(3) the Government will dismiss Count 1 (Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year) and Count 3 (Unlawful Possession with Intent to Distribute Heroin) (Although the government will dismiss this count, your client must agree that this quantity of heroin is included in your client's

relevant criminal conduct.)

**II.    Discovery**

    **A.    Documents**

Copies of the following documents are enclosed with this letter:

- PD 163
- Seizure List
- Laboratory Analysis Report – Positive Identification
- Diagram
- PD 81 – loose white substance and plastic bag
- PD 81 – clear plastic containing green weed
- PD 81- Tanita scale
- PD 81 - scale with white residue
- PD 81 - strainers, plastic spoon, surgeon mask, ziplocs with white residue
- PD 81 – US currency
- PD 81 – Toyota Camry, keys
- PD 81 – MD certificate of title
- PD 81 – Motorolla Communication device, cell phones
- PD 81 – black wallet, gray cell phone
- PD 81 – Mail matter, MD Permit, address book
- PD 81 – clear, pink, blue ziplocs
- PD 81 – bottle labeled Manitol
- PD 81 – black bowl
- PD 81 – mail matter, book
- PD 81 – Blue trunk
- PD 81 – ammunition and magazine
- PD 81 – spoons, glass tube, strainer, metal push rod, clear zip
- PD 81 – black leather case with scale
- PD 81 – numerous ziplocs, glass tubes, plastic bottle
- PD 81 – Cingular cell phone
- PD 81 – mail matter, ID card
- PD 81 – Ruger rifle, ammunition
- PD 81 – sandwich bag with white power, ziplocs with tan power, Altoid tin
- PD 81 – Ruger 9mm and ammunition
- PD 81 – DC driver's license, keys
- PD 81 – 9mm and .380 ammunition
- Copies of property envelopes and heatseals X26
- DEA 7 and Certificate of Compliance for lab #KK941
- DEA 7 and Certificate of Compliance for lab #KK939

- DEA 7 and Certificate of Compliance for lab #KK935
- DEA 7 – 10 ziplocks with white residue, 4 glass tubes with white residue, bottle with white residue
- DEA 7 – 3 spoons with white reside, strainer with residue, metal push rod, glass tube with white residue, once clear zip with white power
- DEA 7 – 3 strainers with white power, plastic spoon with white residue, 3 ziplocs with white residue
- DEA 7 – scale with white residue
- DEA 7 – bowl with powder substance
- PD 251/252
- Certificate of No Record of License to a Carry Pistol
- Certificate of No Record of Firearms Registration – .40 caliber
- Certificate of No Record of Firearms Registration – .380 caliber
- Certificate of Firearm Examination
- Search Warrant

I have requested any crime scene reports, tests and/or color photos and will produce those immediately upon receipt.

**B.     Evidence**

**1.     Physical Evidence**

At trial the government may seek to introduce the physical evidence that is described on the attached police reports and those items listed below. This evidence includes:

- Photographs of the scene, evidence and your client
- Diagrams or maps of the location where the incident occurred
- Fingerprint results
- Firearms and ammunition
- Drugs and drug paraphernalia
- Money
- Mail matter
- Any other items contained in the seizure list

**2.     Inspection**

Upon request, you are entitled to inspect and copy or photograph certain books, papers, documents, photographs, tangible objects, buildings or places that are within the possession, custody or control of the government. *See* Fed. R. Crim. Pro. 16(a)(1)(E). If you would like to view any of the evidence listed above or described on the attached police reports, please contact me immediately and we can make arrangements for you, or your certified investigator, to inspect the evidence. These arrangements will include a condition that you not raise any objection to the admissibility of such

evidence at trial because of the break in the chain-of-custody occasioned by your inspection.

### 3. Reports of Examinations or Tests and Experts

At this time the government has not yet received any crime scene reports or photos. When I receive this information, it will be forwarded.

**Fingerprint Expert**

This letter discloses that the government may call fingerprint expert Gloria Graves to testify at trial. The expert may testify about the following subjects: the taking of fingerprints, how fingerprints are left, how fingerprints are lifted, the factors that affect the taking of fingerprints, the comparison of prints, and the identification of prints if there are sufficient "points" to render a print usable. The fingerprint expert will testify about the fact that it is often difficult to obtain usable prints, and some of the reasons why a fingerprint might not be obtained (the condition of that persons hands–wet, oily, etc., whether that person is a "secreter", the condition of the item from which prints were attempted–wet, oily, etc., the material that item came in contact with and the likelihood of smudging either by the person or by any material it may come into contact with, the surface area of a person's finger that actually came in touch with the item, etc.). Ms. Graves will also testify about what methods are used to lift prints (e.g., magnetic dust or SuperGlue), the comparison of a latent print to a known print using "points" which ensure an accurate comparison, and how even if a latent print is recovered, there are sometimes insufficient points to make that print useful. Ms. Graves will also testify that she identified a latent print recovered from the bottom of the Tanita scale as the right index finger of Demani Williams.

**Narcotics Expert**

Due to the large number of cases that are being prosecuted in U.S. District Court and the Superior Court of the District of Columbia, the lack of certainty that a case scheduled for trial will actually proceed to trial, and because of the fact that the Metropolitan Police Department narcotics experts are on call for many different courtrooms at the same time, the government cannot determine at this time the identity of the expert. The government may call either Detective Tyrone Thomas or Sgt. John Brennan to testify in this trial. The qualifications of Det. Thomas and Sgt. Brennan, but are not limited to, the following:

- Detective Thomas has been a police officer for about 30 years. From 1971 through 1977 Detective Thomas worked undercover purchasing street level and wholesale amounts of illicit narcotics. From 1977 through 1982 Thomas was detailed to the DEA. From 1982 to 1987 Detective Thomas was assigned to the NSID. From 1987 to 1992 Thomas was assigned to the DEA Task Force, handling major narcotics investigations. From 1992 to 1997 Detective Thomas was assigned to the Major Narcotics Branch, overseeing major narcotics investigations. From 1997 to 1998

        Thomas was detailed to the Homicide Project. From 1998 until his present assignment, Detective Thomas was detailed to the DEA Intelligence Group. Detective Thomas has testified in over 600 narcotics related cases as an expert witness in a variety of state and federal courts. Detective Thomas has served as a Superior Court Resident Narcotics Expert since the fall of 2000, and has testified several times.

    b.    Sgt. Brennan has been qualified to testify as an expert in Superior Court of the District of Columbia, and in U.S. District Court on numerous occasions. I am unable to provide you with a resume for Sgt. Brennan. However, you may contact him at (202) 439-1573. Sgt. Brennan will be more than willing to discuss his credentials with you.

Apart from their broad and varied work experiences, Detective Thomas and Sgt. Brennan have been trained at the Police Academy and have received ongoing education and training by various local and federal law enforcement agencies (including MPD, FBI, DEA, DOJ, and ATF) in areas including, but not limited to: narcotics surveillance; manufacture of narcotics; the use, sale, packaging, and distribution of narcotics in the District of Columbia; drug identification; weights and measures of narcotics; surveillance techniques; constitutional law issues involved in the search and seizure of criminal suspects and their belongings; conduct and operation of the Mid-Atlantic DEA Laboratory; chain of custody procedures; the safeguarding of narcotics evidence; investigative techniques; the relationship between firearms and drug trafficking; and the execution of observations posts and undercover operations. In addition, Detective Thomas and Sgt. Brennan have trained and instructed others, including police recruits and experienced officers, as well as members of the defense bar in the District of Columbia, in many of the areas listed above.

Detective Thomas and Sgt. Brennan are familiar with the packaging, use, distribution, cost, and availability of narcotic substances. They have also kept abreast of developments in the narcotics trade by way of ongoing formal and informal education. With respect to the latter, Detectives Thomas and Sgt. Brennan have participated in actual surveillance and arrests, which have involved contact with the participants of narcotics trafficking, including informants, cooperating witnesses, and "special employees."

    **C.**    **Rule 404(b) Evidence**

The government may introduce evidence of the defendant's prior convictions and the underlying facts thereof. The government may introduce evidence of the circumstances regarding the search warrant executed at #26 Van Buren St., N.W. If this changes, or if we determine that there is additional 404(b) evidence, appropriate notice will be given.

    **D.**    **Defendant's Rule 16 Statements**

The government provides notice of any statements made by your client contained in the

attached discovery materials. If any further statements come to government counsel's attention after further discussions with witnesses, you will be informed immediately.

### E. Criminal Record

Please refer to the Pretrial Services Report that you received at arraignment for further information about your client's record. I will notify you in writing if the government learns of any additional convictions.

### F. Government's Discovery Requests

The government hereby makes the following discovery requests:

- notice of documents and tangible objects the defendant expects to introduce pursuant to Super. Ct. Crim. R. 16(b);

- a <u>Jencks</u> request for all prior statements of any defense witness (excluding the defendant) pursuant to Super. Ct. Crim. R. 26.2;

- a <u>Lewis</u> request (for which we request the name, date of birth, sex, and social security number of each defense witness prior to trial); and

- a request for information pertaining to any expert or scientific testimony or evidence pursuant to Rule 16(b)(1)(B) and (C).

Pursuant to Super. Ct. Crim. R. 16(b)(2), we note our continuing request to receive any material pursuant to Rule 16(b) as the case proceeds.

### G. Alibi Demand

The government makes an alibi demand pursuant to Super. Ct. Crim. R. 12.1. In accord with Rule 12.1, the government hereby notifies you that the time, date and place of the offense are indicated on the accompanying police paperwork. In particular, you may find this information in the following places:

- The date and time of the offense is located on Metropolitan Police Department form PD 251, box number 2.

- The location of the offense is located on Metropolitan Police Department form PD 251, box number 9.

- Where the defendant has been arrested pursuant to an arrest warrant, the date, time and location of the offense are listed on the top of the affidavit in support of the warrant.

Pursuant to Rule 12.1, in the event you intend to offer an alibi defense, please direct the appropriate notice to the assigned AUSA within ten days.

### H. Other Information (Brady / Lewis / Giglio)

The government is unaware of any Brady or Giglio information, but is aware of its continuing duty to disclose such information should it become known. Lewis information for the government's witnesses will be provided to you at the time of trial.

### III. Contact Information

If you have any questions about the information provided above, you may contact me by telephone, fax, mail, or e-mail.

Tonya Sulia
Assistant United States Attorney
Office of the United States Attorney
555 Fourth Street, N.W., Room 4243
Washington, D.C. 20530
202-305-2195  Fax:   202-514-8707
E-mail:   tonya.sulia@usdoj.gov

Please fax any pleadings or correspondence so that we may be assured receipt of the document.

    Sincerely,

    KENNETH WAINSTEIN
    United States Attorney


By:     _____
    Tonya Sulia
    Assistant United States Attorney