IN THE UNITED STATES DISTRICT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) CRIM. NO. 05-238 (JDB) |
| | ) |
| DAMANI WILLIAMS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MOTION TO SUPPRESS EVIDENCE
AND INCORPORATED MEMORANDUM IN SUPPORT AND
REQUEST FOR EVIDENTIARY HEARING**

Defendant, Damani Williams, through undersigned counsel, respectfully moves this Honorable Court to suppress as evidence against him at trial all evidence seized by law enforcement agents as the fruit of an illegal stop, search, and arrest. Counsel also moves to suppress any evidence seized as a result of the search executed at #26 Van Buren Street, N.W. Counsel has not been advised that Mr. Williams made any statements that the government intends to use.[1] The motion is made pursuant to Fed. R. Crim. P. 12(b)(3), and is supported by the discussion below. An evidentiary hearing on this motion is respectfully requested.

**INTRODUCTION**

Mr. Williams was allegedly stopped and arrested on May 23, 2005, following a stop made of the car in which he was riding as a passenger. The officers apparently had been advised by someone, perhaps the anonymous tip, that the car was involved in some illegal activity. They claim that while they were effecting the stop Mr. Williams was discarding something out the

---

[1] In the event counsel learns of new information supporting the need for further motions, counsel respectfully reserves Mr. Williams' right to later supplement this motion and/or file additional motions which may be appropriate in his case.

window. While he was in custody, along with the driver of the vehicle, the officers executed a search warrant that was previously issued based upon a special employee purchase of drugs. Mr. Williams was subsequently charged in the pending indictment with possession with intent to distribute cocaine, possession with intent to distribute heroin, possession of a firearm and ammunition by a prior convicted felon, and possession of a firearm in connection with a drug trafficking offense.

## DISCUSSION

I. **THE PHYSICAL EVIDENCE AND STATEMENTS MUST BE SUPPRESSED AS THE TAINTED FRUIT OF MR. WILLIAM'S ILLEGAL STOP AND ARREST.**

The Fourth Amendment of the United States Constitution requires that all searches and seizures, including searches and seizures of the person, be "reasonable." See also Vernonia School District 47J v. Acton, 515 U.S. 646 (1995). In order for warrantless searches and seizures to be "reasonable," they must be supported by a limited exception such as probable cause. See New Jersey v. T.L.O., 469 U.S. 325, 341-342 (1985). In the instant case, the stop and arrest of Mr. Williams were conducted without a warrant, and Mr Williams' stop, search, and seizure by law enforcement officers were unreasonable considering that he was stopped, searched and seized without any probable cause or based on any other legitimate exception to the warrant requirement. Therefore, the stop, search and seizure violated the Fourth Amendment of the United States Constitution, and exclusion of the evidence recovered as a result of the Fourth Amendment violation—both firearms and the ammunition—is the proper remedy. See Wong Sun v. United States, 371 U.S. 471 (1963).

As discussed above, Mr. Williams asserts that his warrantless stop, search and seizure

violated the Fourth Amendment. In such cases, the government has the burden of showing probable cause in order to justify the police conduct. Hayes v. Florida, 470 U.S. 811 (1985); Florida v. Royer, 460 U.S. 491, 500 (1983); United States v. Allen, 629 F.2d 51, 55 (D.C. Cir. 1980). See also Katz v. United States, 389 U.S. 347 (1967); Henry v. United States, 361 U.S. 98 (1958). The government bears the burden of adducing sworn testimony sufficient to satisfy this Court that the facts and circumstances known to the arresting officer at the time he seized Mr. Williams justified that seizure. United States v. Jenkins, 530 F. Supp. 8, 10 (D.D.C. 1981), citing, Brinegar v. United States, 338 U.S. 160, 175 (1949).

    II.    **THE EVIDENCE SEIZED AS A RESULT OF THE SEARCH WARRANT SHOULD ALSO BE SEIZED.**

    A.    **The Affidavits in Support of the Search Warrants Do Not Establish Probable Cause to Search the Premises.**

The Fourth Amendment provides:

> ...and no Warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized.

The test for probable cause for the issuance of a search warrant is whether the facts presented to the magistrate establish a "substantial probability" that the items sought will be found at the location sought to be searched. Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317 (1983).

    The Fourth Amendment provides, in part, that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . .". The Fourth Amendment's protection against unreasonable searches

and seizures has been construed to require probable cause for warrantless arrests and searches. Henry v. United States, 361 U.S. 98 (1959). Probable cause exists when, under the facts and circumstances of the situation, a person of reasonable prudence would believe that a crime has been committed or is being committed. Beck v. Ohio, 379 U.S. 89 (1964). As stated in Johnson v. United States, 333 U.S. 10, 13-14 (1948):

> [t]he point of the Fourth Amendment . . . is not that it denies law enforcement the support of the usual inferences which reasonable men draw from evidence. Its protection consists in requiring that those inferences be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime.

The Constitution requires that a search warrant be issued only after a showing of probable cause. The law allows police to interfere with an individual's right to be free from search and seizure only when the infringement is deemed reasonable. A warrant can only be issued when "probable cause" is shown, based on reliable information of sufficient detail, that criminal activity or evidence of criminal activity will be found in the place to be searched. This requires that a nexus be shown between the place to be searched, the criminal activity and the items sought. The nexus requirement is important. A search warrant is not only a document authorizing a search, but also the instrument by which permissible bounds of a search are formally limited. Police officers must limit their search to places reasonably likely to reveal the items listed in the warrant. Without reasonably particularized limitations the warrant provides no protection against a generalized search, which is invalid. The tainted fruit of the improper warrant must be suppressed.

Search warrants may be issued only upon a judicial finding of probable cause.

The Fourth Amendment requires that a warrant describe with particularity "the place to be searched and the persons or things to be seized." This protection safeguards the individual's privacy interest against "wide-ranging exploratory searches." Maryland v. Garrison, 480 U.S. 79, 84 (1987).

In this case, the affidavit establishes only that the affiant allegedly received information from an anonymous tip concerning the sale of cocaine base from the searched residence. The officers then sent a special employee, in with instructions to purchase cocaine. The special employee apparently had no knowledge, prior to his entry, of illegal activity going on in the residence. We do not know what transpired inside the apartment at that time. The affidavit contain "boiler plate" police jargon to support the affiant's assertion that the source of the information was reliable.

In United States v. Richardson, 861 F.2d 291 (D.C. 1988), this Circuit noted that it is not clear that a single buy itself is sufficient to establish probable cause to search a location, absent further corroboration. In Richardson the affidavit recounted two (2) buys allegedly made by an informant from 3531 Jay Street, N.E., Apartment 1, here in the District. The affiant then stated that he had observed the informant walking into the described location without talking with anyone else and shortly returned to the affiant with the narcotics. The language in the affidavit indicating that the affiant had seen the informant enter and leave "the described location" was false, since the evidence revealed that the affiant had only seen the informant enter the apartment complex. On appeal the defendant contended that the false statement in the affidavit vitiated probable cause under Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 264, 57 L.Ed. 2d 667 (1978). The defendant's argument was rejected because of his failure to show that the

admittedly false statement was made knowingly and intentionally or in reckless disregard for the truth. Id at 294. However, the court did note that "it is unclear whether the fact of the controlled buy alone is sufficient under such circumstances to demonstrate probable cause without other corroborating evidence." Id. The court further noted that the Richardson affidavit did not supply corroborating evidence, such as that found in other cases where independent police investigation established that the person who allegedly sold the drugs to the informant was the lessor, owner, or resident of the apartment.

      Here, the affidavit alleges only the single buy. It does not allege any facts to support an inference that #26 Van Buren Street was the center of ongoing illicit drug business. There is nothing in the affidavit to indicate that the informant, while making the single purchase, observed other narcotics, narcotics paraphernalia such as packaging materials or scales, firearms, or any other indicia or description of the individual who allegedly sold the cocaine to the informant or nexus of that individual to the apartment. Thus, there is nothing in the affidavit to indicate that the seller was anything more than a casual visitor or temporary user of the apartment.

**B.**    **The Court Should Not Rely upon the Good Faith Exception of United States V. Leon to Admit the Evidence.**

      Evidence obtained pursuant to an improperly issued warrant will be excluded if the officer's reliance on the warrant was not "objectively reasonable." United States v. Leon, 468 U.S. 897, 919-20 (1984); Massachusetts v. Sheppard, 468 U.S. 981, 990 (1984). The burden is on the government to establish objective good faith. Leon, 468 U.S. at 924.

In <u>Leon</u>, 468 U.S. 897, 104 S.Ct. 3405 (1984), the Court held the exclusionary rule did not bar introduction of evidence obtained in reasonable reliance on a search warrant issued by a neutral magistrate but later found to be invalid for lack of probable cause. However, defendant submits that <u>Leon</u> does not stand as authority for resuscitation of the otherwise invalid search warrant in this case.

The good faith exception in <u>Leon</u> does not apply (1) where the requesting officer recklessly misleads the magistrate or (2) where the magistrate abandons his traditional role or (3) where a warrant is based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable", <u>cite omitted</u>, or (4) where the warrant itself is so fatally deficient for, among other things, failing to particularize the things to be seized, that the officers cannot reasonably presume it to be valid. 468 U.S. at 923.

Several circuits have refused to routinely apply the <u>Leon</u> good-faith exception. <u>See</u> <u>United States v. Barrington</u>, 806 F.2d 529 (5th Cir. 1986). (<u>Leon</u> inapplicable where warrant based on "bare bones affidavit" and officer' reliance thereon not objectively reasonable); <u>United States v. Jackson</u>, 818 F.2d 345 (5th Cir. 1987) (<u>Leon</u> inapplicable where affidavit "totally lacking in indicia of reliability" and therefore a "bare bones affidavit.")' <u>United States v. Fuccillo</u>, 808 F.2d 173 (lst Cir. 1987) (<u>Leon</u> inapplicable where officers reckless in preparing affidavit); <u>United States v. Leary</u>, 43 Crl. 2140 (10th Cir. 1988) (warrant which was overbroad due to insufficient description of items to be seized not saved by <u>Leon</u> as agents cannot reasonably rely on such a warrant); <u>United States v. Crozier</u>, 777 F.2d 1376 (9th Cir. 1985) (search warrant authorizing a general search facially overbroad and not saved by <u>Leon</u> and executing officer could not act in good faith and in reasonable reliance thereon); <u>United States v.</u>

Strand, 761 F.2d 449 (8th Cir. 1985) (Leon inapplicable where search went beyond face of warrant).

Mr. Williams asserts that the affidavit in this case is indeed nothing more than a "bare bones" affidavit, whose indicia of probable cause is so lacking as to negate any assertion that it was acted upon in good faith. Therefore, all of the evidence seized as a result of this illegal search must be suppressed. Wong Sun v. United States, 371 U.S. 471 (1963).

**C.    The Evidence Must Be Suppressed For Failure to Comply With The Provisions of 18 U.S.C. §3109.**

Even when a warrant is valid, officers must comply with the "knock and announce" rule. See e.g., Wilson v. Arkansas, 115 S. Ct. 1914, 1915 (1995). The knock and announce requirement ensures the privacy and safety of individuals inside the residence as well as the safety of the officers involved. Sabbath v. United States, 391 U.S. 585, 589 (1968). An officer who has authority to enter a private dwelling must comply with the statutory knock and announce rule. He must knock and announce his purpose and authority before entering and may resort to forcible entry only upon denial of admission. See 18 U.S.C. 3109; Miller v. United States, 357 U.S. 301 (1958). Evidence obtained as a result of a search conducted in violation of these requirements must be suppressed. Miller v. United States, 357 U.S. 301, 314 (1958).

## CONCLUSION

For the foregoing reasons, Mr. Williams asks that all of the evidence be suppressed and his case dismissed. Mr. Williams respectfully requests an evidentiary hearing on this motion.


Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
Michelle Peterson
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Ste 550
Washington, D.C. 20004