UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA     ) | |
| ) | |
| Plaintiff,     ) | |
| ) | |
| v.     ) | CRIM. NO. 05-238 (JDB) |
| ) | |
| DAMANI WILLIAMS,     ) | |
| ) | |
| Defendant.     ) | |
| ) | |

**DEFENDANT'S MOTION TO SUPPRESS IDENTIFICATION EVIDENCE
AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF**

Defendant, by and through undersigned counsel, hereby moves this Court for an Order suppressing as evidence against him in trial or at any motions hearing any testimony about an out of court or in court identification on the grounds that law enforcement officers used identification procedures that were unnecessarily and improperly suggestive. The resulting identifications, if any, or Mr. Williams would be unreliable and testimony about them should not be permitted at trial or during a motions hearing. Further, Mr. Williams should be provided information about any alleged identification of him as a person selling narcotics from 26 Van Buren Street on or about May 23, 2005.

**Factual Background**

Mr. Williams has been indicted with a four count indictment alleging possession with intent to distribute a cocaine, possession with intent to distribute heroin, possession of a firearm, and possession of a firearm in connection with a drug trafficking offense. The affidavit for the search warrant was based upon a sale of drugs to a confidential informant who was described only as a

1

black male. Counsel has information that suggests that this individual was someone other than Mr. Williams. Considering that the person involved in the events in question was not arrested at the time of the alleged sale, some type of identification process must have occurred. Thus, if in support of its opposition to counsel's Brady motion to disclose the identity of the confidential informant, the government contends that the individual who sold the cocaine was Mr. Williams, counsel is entitled to information to enable her to challenge that identification.

### Legal Argument

Identification evidence must be excluded at trial when the officers use a pretrial identification procedure that is so impermissibly suggestive that it gives rise to a "substantial likelihood of irreparable misidentification" in violation of the Due Process clause. Manson v. Braithwaite, 432 U.S. 98, 107 (1977); see Simmons v. United States, 390 U.S. 377, 384 (1968); Stovall v. Denno, 388 U.S. 293, 301-02 (1967). "[R]eliability is the linchpin in determining the admissibility of identification testimony." 432 U.S. at 114. When a pretrial identification procedure is unnecessarily suggestive, the court must weigh "the corrupting effect of the suggestive identification" against the criteria for a reliable identification, including

> the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the degree of certainty demonstrated at the confrontation, and the time between the crime and the confrontation.

Id.

After an out-of-court identification that was unduly suggestive, the prosecution can elicit an in-court identification only after demonstrating that any in-court identification by the witness rests on a source independent of the tainted pretrial identification. See United States v. Wade, 388 U.S. 218, 241 (1967). If an out-of-court identification is unreliable and hence inadmissible, any

subsequent in-court identification almost always will be inadmissible.

In this case, Mr. Williams asserts that the government may have used unnecessarily suggestive identification procedures giving rise to a "substantial likelihood of irreparable misidentification" of Mr. Williams.  See Manson v. Braithwaite, 432 U.S. at 107. If the Court finds that this is the case, it should suppress evidence of those identifications.  Because the defense has not received complete information about the circumstances of any such identifications at this time, we may seek leave to supplement this motion upon receipt of any such information or following a hearing at which counsel would be able to ascertain such information.

## Conclusion

For the foregoing reasons, and any others that may appear to the Court following a hearing, Mr. Williams requests that the Court grant a hearing and suppress the identification evidence.

        Respectfully submitted,

        A.J. KRAMER
        FEDERAL PUBLIC DEFENDER

          /s/
        _____

        Michelle Peterson
        Assistant Federal Public Defender
        625 Indiana Avenue, N.W., Suite 550
        Washington, D.C.  20004
        (202)  208-7500