IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CRIM. NO. 05-238 (JDB) |
| ) | |
| DAMANI WILLIAMS, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MOTION FOR DISCLOSURE OF INFORMATION
AND PRODUCTION OF CONFIDENTIAL INFORMANT(S)**

Damani Williams, through counsel, respectfully requests that this Court issue an order requiring the government to disclose the identity and whereabouts of its confidential informant(s), and/or arrange an interview between defense counsel and the informant(s). Additionally, counsel requests that the Court order the production of information relating to the confidential informant(s) that may be crucial to the defense, and states in support thereof as follows.

Damani Williams has been charged in a four count indictment with possession with intent to distribute cocaine, possession with intent to distribute heroin, possession of a firearm, and possession of a firearm in connection with a drug trafficking offense. The charges stem from a traffic stop that was apparently initiated based upon information provided by a confidential source and a separate search warrant based upon information provided by a confidential informant. It is unclear whether these sources are the same individual or different individuals.

1

The affidavit in support of a search warrant for the premises of #26 VanBuren Street, NW, Washington, DC, which was issued on May 23, 2005 (attached as Exhibit A), alleges that the officers received an anonymous tip that narcotics were being sold out of that apartment. A "special employee" was sent in to purchase cocaine from someone in that apartment. The special employee indicated the drugs were purchased from an unknown black male.

According to information obtained by counsel, it is believed that Mr. Williams did not participate in, nor does he have any knowledge of, the sale of cocaine that is alleged in the first affidavit. The information we request from the "special employee" would be relevant and favorable to Mr. Williams with respect to the issue as to whether he had knowledge of, possessed or exercised dominion and control over the weapons and drugs which were recovered during the execution of the search warrant.

Defendant, by and through undersigned counsel, also moves this Court for an Order requiring the government to produce the names, current addresses, and copies of statements of confidential informants, as well as information about their roles at a date certain prior to the motions hearing. In particular, counsel for the defendant seeks this information about the informant or informants who provided the information that was the basis for the search warrants that were issued.

Additionally, we request that the Court direct the government to furnish counsel for the defendant with the following information concerning any such confidential informant who may be a potential witness:

1. Whether any informant was a user of any controlled substances or was a distributor of controlled substances, and, if so, the complete nature and extent of his drug use and

trafficking.

2. Whether any informant has, since becoming an informant, continued to use or distribute any controlled substances, and if so, the dates, times, places and recipients of such distributions.

3. Whether any informant was suspected, apprehended, or convicted of any crime(s) at any time during which he agreed to gather information on behalf of the United States government.

4. What crimes or other breaches of law has any such informant committed or was suspected of committing at any time during which he agreed to gather information on behalf of the United States government.

5. Whether any potential or actual criminal charges against any informant were abandoned, altered, or otherwise disposed of upon agreement with any such informant to gather information or testify on behalf of the United States government.

6. What financial arrangements existed or exist between any informant and the agencies of the United States, the District of Columbia or any other state and the amount of money that has been paid to the informant.

7. The names, addresses and criminal records of any informant to be called as a witness for the United States.

8. The substance of any plea bargain entered into by the informant and any agency of the United States, the District of Columbia or any other state, and the authority for any such plea agreement.

9. The substance of any agreements made by the United States, the District of Columbia, or

any other state with any informant not to charge crimes, and the authority for any such agreement.

10. Information tending to show bias or prejudice on the part of any informant.

11. Information tending to show that any informant has made contradictory or inconsistent statements relative to this case, any related case, or with regard to Damani Williams.

12. Information tending to show that any informant suffered from any material defect in perception, memory, veracity, or articulation during any time period relevant to this case.

13. Any information regarding the informant suggesting that s/he was under the influence of alcohol, narcotics, or other drug at the time of the observations about which the witness will testify and/or the informant informed, or that the witness'/informant's faculties of observation were impaired in any way.

14. Information regarding the length of an extent of the witness' informant status.

15. Any nonmonetary assistance provided to the informant, including, but not limited to, assistance in avoiding or minimizing harm from charges pending against the informant, such status having existed either at the time of the offense and/or any other time through the day at trial.

16. All benefits or promises of benefit or statements that benefit would not be provided without cooperation that were made to the informant in connection with this case, whether or not fulfilled. "Benefit" refers to any monetary compensation, assistance of the prosecutor or the court concerning pending charges against the informant, or any other sort of consideration of value.

17. The nature of assistance provided in the past, including the number of occasions and

form(s) of help.

## ARGUMENT

The basic premises for compelling disclosure of the identity of a confidential informant are set forth in Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). In Roviaro, the Court noted that the government's privilege to withhold the identity of informants is grounded in "the furtherance and protection of the public interest in effective law enforcement." Id. at 59. That interest, however, is subject to limitations. Among them is the right of the accused to prepare a defense. As the Court noted in Roviaro, at 60-61:

> A further limitation on the applicability of the privilege arises from the fundamental requirements of fairness. Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way. [Footnote omitted.]  In these situations the trial court may require disclosure and, if the Government withholds the information, dismiss the action. [Footnote omitted.]

In Roviaro, at 62, the Court went on to hold that the trial court should balance a number of factors such as "the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." See United States v. Hernandez-Vela, 533 F.2d 211, 213 (5th Cir. 1976).

The need for contextual accuracy which any confidential informer in the case at bar possibly can provide was shown in Alderman v. United States, 394 U.S. 165, 182, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969), where the Court required disclosure of surveillance records to a defendant on the basis that:

> An apparently innocent phrase, a chance remark, a reference to

> what appears to be a neutral person or event, the identity of a caller or the individual on the other end of a telephone, or even the manner of speaking or using words may have special significance to one who knows the more intimate facts of an accused's life. And yet that information may be wholly colorless and devoid of meaning to one less well acquainted with all relevant circumstances. Unavoidably, this is a matter of judgment, but in our view the task is too complex, and the margin for error too great, to rely wholly on the *in camera* judgment of the trial court to identify those records which might have contributed to the Government's case. [Citing] Dennis v. United States, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966); Palermo v. United States, 360 U.S. 343, 354, 79 S.Ct. 1217, 3 L.Ed.2d 1287 (1959); and Roviaro, supra.

The need for disclosure of an informer's identity becomes particularly acute where, as here, the Defendant could have been informed against for reasons of animus. Portomene v. United States, 221 F.2d 582 (5th Cir. 1955). Likewise, the possibility that an informant could be involved in a questionable transaction is justification enough for compelling the government to divulge his or her identity. See Gilmore v. United States, 256 F.2d 565, 567 (5th Cir. 1958).

In any event, the Defendant is required to seek out the existence of a confidential informer in the trial court in an effort to show "how the informant's testimony could help establish petitioner's innocence". Rugendorf v. United States, 376 U.S. 528, 535, 84 S.Ct. 825, 11 L.Ed.2d 887 (1964). Therefore, even if this Court does not believe that an informer's testimony could be material during these early stages of the proceedings, the Defendant specifically requests that this Honorable Court order disclosure of the confidential informant if his or her testimony becomes material prior to the trial of this case. The Defendant, however, urges this Court to exercise its discretion for ordering the disclosure of any confidential informant so that the significance of any informant's testimony can be developed fully prior to

trial.  Hernandez-Vela, 533 F.2d at 213.

In Roviaro the Supreme Court acknowledged the need for defense counsel to interview the witness.  353 U.S. at 64 ("[t]he desirability of, ... at least interviewing [the confidential informant] in preparation for trial, [is] a matter for the accused rather than the government to decide").  Likewise, in other contexts the Supreme Court has held that an interest in confidentiality is overcome when the accused's right of confrontation is at stake.  See Davis v. Alaska, 415 U.S. 308 (1974) (accused is entitled to cross-examine prosecution witness regarding his juvenile probationary status notwithstanding the interest in confidentiality of juvenile adjudications).

In Roviaro v. United States, 353 U.S. 53, 60 (1957), the Supreme Court, in recognizing the need for the disclosure of he identity of informants, stated that "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way."

In the present case, the defendant is charged with possessing drugs and guns which were recovered from a residence in which he is alleged to have lived with numerous other individuals during the execution of a search warrant.  The confidential source allegedly purchased cocaine from an individual outside the premises within seventy-two hours prior to the request for the warrant. Evidence that Mr. Williams did not participate in said sale is not only relevant, but extremely helpful to his defense.  As the confidential source is the only witness that can provide this crucial information, it is essential that "its" identity be disclosed in order to insure a fair trial in this case.

The information sought, in addition to the informant's identity, relates directly to the

credibility of the informant and his/her bias and is therefore relevant to impeaching the informant and providing the defense with exculpatory information.  Mr. Williams has a constitutional right to explore the informant's bias and credibility on cross-examination.  Giglio v. United States, 405 U.S. 150 (1972); Giles v. Maryland, 386 U.S. 66 (1967); Napue v. Illinois, 360 U.S. 264 (1959) (denial of due process occurred where prosecutor failed to correct prosecution witness who testified perjuriously that he had received no promise of consideration in exchange for his testimony).  See also Villaromen v. United States, 184 F.2d 261, 262 (D.C. Cir 1950) ("Bias of a witness is always relevant").  Moreover, the defense's entitlement to the requested information is supported by the case law.  See e.g. Giglio v. United States, supra (entitlement to promises the informant has received in consideration for his/her testimony); Giordano v. United States, 394 U.S. 310 (1969) (informant's prior testimony while acting as an informant); United States v. Fowler, 465 F.2d 664 (D.C. Cir. 1972) (promises received for consideration); United States v. Lindstrom, 698 F.2d 1154 (11th Cir. 1983) (psychiatric history); Williams v. Griswold, 743 F.2d 1533 (11th Cir. 1984) (criminal history); United States v. Auten, 632 F.2d 478 (5th Cir. 1980) (same).

     Finally, in order to adequately prepare for trial and assess the statements and role of the informant, the defense requests disclosure of the informant's identity in advance of trial. Therefore, for the foregoing reasons and any others which shall appear to the Court upon a hearing of this matter, it is respectfully requested that this motion be granted.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER


/s/
_____
MICHELLE PETERSON
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500