UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAMANI WILLIAMS,<br>        Defendant. | Criminal No. 05-238 (JDB) |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION FOR DISCLOSURE OF INFORMATION
AND PRODUCTION OF CONFIDENTIAL INFORMANT

    The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits this opposition to defendant's Motion for Disclosure of Information and Production of Confidential Informant. The government relies upon the points and authorities set out in this memorandum and at any hearing on this matter.

## FACTS

    The defendant has been charged in a four count indictment with Unlawful Possession with the Intent to Distribute Cocaine; Unlawful Possession with the Intent to Distribute Heroin; Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year; and Using, Carrying, and Possessing a Firearm During a Drug Trafficking Offense.

    The charges arise from events which occurred on May 23, 2005. On that day, Investigator Derrick Hyman, of the Metropolitan Police Department's Fourth District Focus Mission Unit, secured a warrant to search the premises at #XX XXX XXXXX XX., XX., Washington, DC. As part of the probable cause for the warrant, Investigator Hyman relied upon anonymous information that he had received that narcotics were being sold from #XX XXX XXXXX XX., X.X., Washington, DC. Investigator Hyman also relied upon a controlled buy with a confidential

informant ("CI"). Within seventy-two hours prior to the application for the search warrant, the CI, working with Investigator Hyman, went into #XX XXX XXXXX XX., XXX. and purchased powder cocaine from the basement of the house from an individual known to it as "DJ[1]." The CI then turned the powder cocaine over to Investigator Hyman.

After Investigator Hyman secured the search warrant, he and other members of the Fourth District Focus Mission Unit executed the warrant at #XX XXX XXXXX XX., XXX. When officers arrived at that location, they were met by the owner of the house, a 91-year-old woman. Although the officers did have a search warrant, the homeowner informed them that they did not need a warrant to search her house. She invited the officers in and provided them with information about the people who were staying in her house. The homeowner informed the officers that an individual, whom she identified as "DJ," was staying in the front bedroom in the basement. She further informed officers that an individual named "Mitch," who was also at the house when the officers executed the warrant, stayed in the back bedroom in the basement. The homeowner also told the officers that she stayed in the front bedroom upstairs, and that her nephew, Tony Lightfoot, stayed in the upstairs rear bedroom.

Officers executed the search warrant, and searched the house, including the basement and the upstairs bedroom identified as Tony Lightfoot's. During the execution of the warrant, officers seized numerous items related to illegal narcotics trafficking, including cocaine, heroin, drug packaging paraphernalia, firearms, ammunition, and mail matter.

Defendant has now filed a motion, urging this Court to order the government to disclose information about the identity of the confidential informant who provided police with information

---

[1] The defendant is known by the nickname, "DJ."

2

that led to the issuance of a search warrant.  Defendant argues that the production of information relating to the confidential informant may be crucial to the defense.

## II.  ARGUMENT

### A. Defendant Is Not Entitled To Disclosure of Information Regarding the Confidential Informant.

The Supreme Court has held that there is no Sixth Amendment violation of a defendant's rights of confrontation and cross-examination from the recognition of an informant's privilege. McCray v. Illinois, 386 U.S. 300, 313 (1967).  Rather, the government enjoys a qualified though "time-honored privilege to withhold the identity of its informants from criminal defendants." United States v. Brodie, 871 F.2d 125, 128 (D.C. Cir. 1989).

The defendant may obtain such identifying information only by demonstrating that trial testimony from the confidential informant may prove helpful and relevant to her, and that a balancing of the public interest in law enforcement and protecting the informant's identity with the defendant's right to prepare a defense would result in an unfair trial without disclosure.  Roviaro v. United States, 353 U.S. 53, 62 (1957); United States v. Warren, 42 F.3d 647, 654 (D.C. Cir. 1994). The disclosure of an informant's identity is required only if the court determines that "the potential helpfulness of informant's testimony to the defendant warrants a conclusion that the defendant cannot be tried fairly absent disclosure." Brodie, 871 F.2d at 128.

The District of Columbia Circuit Court of Appeals has "long adhered to the rule 'that Roviaro does not require disclosure of an informant who was not an actual participant in or a witness to the offense charged." Warren, 42 F.3d at 654 (quoting United States v. Skeens, 449 F.2d 1066, 1071 (D.C. Cir. 1971)).  In such a case, the defendant faces a heavy burden to establish that disclosure of the informant's identity is necessary and relevant to the defense.  Warren, 42 F.3d at

654; Skeens, 449 F.2d at 1070.  Furthermore, merely conclusory or speculative pleadings will not suffice.  Skeens, 449 F.2d. at 1071.

Defendant has not demonstrated his need for the informant's identity.  This case is remarkably identical to Warren, where the court held that the disclosure of the identity of the confidential informant was not required.  As in Warren, the charges in this case arise out of a search warrant executed on the defendant's home; thus, as in Warren, the informant was not a participant in, nor a witness to, the facts and events that led to the charges against the defendant.  In this case, the government does not plan to introduce evidence about the informant's statements or observations at trial, as they are irrelevant to the charges.  The very first event in the chronology on which the government will present evidence is the signing of the search warrant by a judicial officer; thus all prior events, including the information provided by the confidential informant, are irrelevant.  The defendant need only examine the evidence seized during the execution of the warrant to prepare her defense.

Defendant argues that he is entitled to disclosure of the confidential informant because the informant bought drugs inside #XX XXX XXXXX XX., X.X. within seventy-two hours prior to the request for a warrant, and that several people lived inside of #XX XXX XXXXX XX., XXX.  The defendant contends that evidence that the defendant did not participate in the drug transaction which formed the basis for the search warrant is not only relevant, but extremely helpful to his defense.

This argument entirely ignores the charges brought against the defendant.  Defendant is not charged with distributing drugs on that particular day.  Further, the government does not intend to introduce any evidence that the defendant distributed drugs on any particular day prior to the execution of the search warrant.  Therefore, the drug transaction which occurred prior to the

application for the search warrant is not relevant to the defendant's trial on the charges in the instant case. The identity of the individual who sold drugs to the informant prior to the application of the search warrant is of no import in deciding whether or not Damani Williams possessed the cocaine and heroin which were found in his bedroom on May 23, 2005. The identity of the individual who sold drugs to the informant is even less useful to the question of whether or not Damani Williams possessed firearms on May 23, 2005. Therefore, even if the identity of the confidential informant were disclosed, and that informant testified at trial, its testimony would be meaningless to the ultimate question of whether defendant <u>possessed</u> the guns and drugs with the requisite intent. Further, the government is not aware of any information which would indicate that the CI bought the drugs from anyone *other* than the defendant. Therefore, there is no requirement pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), for the government to turn this information over.

Accordingly, for the reasons discussed above, the defendant has not demonstrated any need for the disclosure of the identity of the confidential informant.

WHEREFORE, for all of the foregoing reasons, the United States respectfully requests that the Defendant's Motion for Disclosure of Information and Production of Confidential Informant be DENIED.

          Respectfully submitted,

          KENNETH L. WAINSTEIN
          UNITED STATES ATTORNEY

          _____
          TONYA SULIA
          ASSISTANT UNITED STATES ATTORNEY
          555 4th Street, N.W., Room 4243
          Washington, DC 20530
          (202) 305-2195   FAX:  (202) 353-9414