UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal No. 05-238 (JDB) |
| | : | |
| v. | : | |
| | : | |
| **DAMANI WILLIAMS,** | : | |
|     defendant. | : | |

## GOVERNMENT'S OPPOSITION TO
## DEFENDANT'S MOTION TO SUPPRESS IDENTIFICATION EVIDENCE

The United States, by and through its attorney, the United States Attorney for the District of Columbia, submits this opposition to defendant's Motion to Suppress Identification Evidence. The government relies upon the points and authorities set out in this memorandum and at any hearing on this matter

### FACTS:

Defendant Damani Williams has been indicted in a four-count indictment with the charges of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding one Year; Unlawful Possession with Intent to Distribute Cocaine; Unlawful Possession with Intent to Distribute Heroin; and Using, Carrying, and Possessing a Firearm During a Drug Trafficking Offense.

The charges arise from events which occurred on May 23, 2005. On that day, Investigator Derrick Hyman, of the Metropolitan Police Department's Fourth District Focus Mission Unit, secured a warrant to search the premises at #26 Van Buren St., N.W., Washington, DC. As part of the probable cause for the warrant, Investigator Hyman relied upon anonymous information that he had received that narcotics were being sold from #26 Van Buren St., N.W.,

Washington, DC. Investigator Hyman also relied upon a controlled buy with a confidential informant ("CI"). Within seventy-two hours prior to the application for the search warrant, the CI, working with Investigator Hyman, went into #26 Van Buren St., N.W. and purchased powder cocaine from the basement of the house from an individual known to it as "DJ[1]." The CI then turned the powder cocaine over to Investigator Hyman.

After Investigator Hyman secured the search warrant, he and other members of the Fourth District Focus Mission Unit executed the warrant at #26 Van Buren St., N.W. When officers arrived at that location, they were met by the owner of the house, a 91-year-old woman. Although the officers did have a search warrant, the homeowner informed them that they did not need a warrant to search her house. She invited the officers in and provided them with information about the people who were staying in her house. The homeowner informed the officers that an individual, whom she identified as "DJ," was staying in the front bedroom in the basement. She further informed officers that an individual named "Mitch," who was also at the house when the officers executed the warrant, stayed in the back bedroom in the basement. The homeowner also told the officers that she stayed in the front bedroom upstairs, and that her nephew, Tony Lightfoot, stayed in the upstairs rear bedroom.

Officers executed the search warrant, and searched the house, including the basement and the upstairs bedroom identified as Tony Lightfoot's. During the execution of the warrant, officers seized numerous items related to illegal narcotics trafficking, including cocaine, heroin, drug packaging paraphernalia, firearms, ammunition, and mail matter.

---

[1] The defendant is known by the nickname, "DJ."

Defendant has now filed a motion asking the Court to suppress any testimony about an out of court or in court identification on the grounds that the law enforcement officers used identification procedures that were unnecessarily and improperly suggestive.  Defendant provides no information about what possible identification procedures he seeks to suppress, and provides no basis for suppression.  Defendant merely presents conclusive allegations followed by boilerplate recitations of the law.

The government does not intend to introduce any identification procedures at trial.  The only "identification" evidence which the government will illicit are in-court identifications of the defendant by the officers who arrested him.  Defendant provides no basis for suppression of these in-court identifications, and does not even refer to them in his motion.  In his motion, defendant refers only to any identifications which made have been made by the confidential informant.  The government does not intend to introduce any identifications made by the confidential informant at trial.  Therefore, there is nothing for the Court to suppress.

WHEREFORE, the government respectfully requests that the Court DENY defendant's Motion to Suppress Identification Evidence as moot.

Respectfully Submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

_____
TONYA SULIA
ASSISTANT UNITED STATES ATTORNEY
555 4th Street, N.W., Room 4243
Washington, DC 20530
(202) 305-2195   FAX:  (202) 353-9414