**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal No. 05-238 (JDB)** |
| | : | |
| **v.** | : | |
| | : | |
| **DAMANI WILLIAMS,** | : | |
| defendant. | : | |

**GOVERNMENT'S  MOTION TO REQUIRE**
**DEFENDANT TO SUBMIT TO PALM AND JOINT PRINTING**

_____The United States, by and through its attorney, the United States Attorney for the District

of Columbia, hereby moves this Court to order the defendant to submit to palm and joint printing

by the Metropolitan Police Department ("MPD").  As grounds for this motion, the government

states as follows:

**FACTS:**

Defendant Damani Williams has been indicted in a four-count indictment with the

charges of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime

Punishable by Imprisonment for a Term Exceeding one Year; Unlawful Possession with Intent to

Distribute Cocaine; Unlawful Possession with Intent to Distribute Heroin; and Using, Carrying,

and Possessing a Firearm During a Drug Trafficking Offense.

The charges arise from events which occurred on May 23, 2005.  On that day,

Investigator Derrick Hyman, of the Metropolitan Police Department's Fourth District Focus

Mission Unit, secured a warrant to search the premises at #XX XXX XXXXX XX., X.X.,

Washington, DC.  Investigator Hyman was aware that the defendant, Damani Williams, lived at

that address at that time.  The owner of the house, 91-year-old XXXXX XXXXXX, informed

officers that the defendant stayed in a bedroom in the basement of the house.  During the search

of the defendant's bedroom, officers recovered several items related to illegal narcotics trafficking and two firearms. One of the items recovered from the defendant's room was a Tanita Model 1140 electronic scale. Crime Scene Search Officer Eric Coker dusted the scale for latent fingerprints. Officer Coker lifted a latent print from the bottom of the scale. MPD Fingerprint Analyst Gloria Graves compared the latent print from the bottom of the scale to the known prints of defendant Damani Williams, and determined that the latent print on the bottom scale was the right index finger of Damani Williams.

Officers also searched an upstairs bedroom, which was used by an individual identified as Anthony Lightfoot. From that room, officers recovered ammunition, a .380 magazine, drug paraphernalia, and another scale. Officer Coker dusted the .380 magazine for fingerprints, and was able to lift a latent print. MPD Fingerprint Analyst Gloria Graves has examined the latent print lifted from the .380 magazine, and determined that it is "of value," meaning that it is of sufficient quality to be compared to a known print. However, analyst Graves has determined that in order to complete her examination, she needs the known palm and joint prints of the defendant.

Even though the Grand Jury has returned an indictment, the government continues to investigate this case. Latent print evidence is relevant to determining the identification of the defendant as the person who may have possessed the .380 magazine.

As part of the booking process, suspects fingerprints are routinely taken. Accordingly, the Metropolitan Police Department has Damani Williams' fingerprints on file. However, in most cases, MPD does not process suspects for "Major Case Prints." Major Case Prints include palm and joint prints. MPD does not have Damani Williams' palm and joint prints on file.

Therefore, in order to be able to compare the latent print on the .380 magazine, the government needs to obtain the defendant's palm and joint prints.

## ARGUMENT

Generally, displaying physical characteristics does not implicate the Fifth Amendment. See, e.g., United States v. Doionsio, 410 U.S. 1, 4-5 (1973)("It has long been held that the compelled display of identifiable physical characteristics infringes on no interest protected by the privilege against compulsory self-incrimination.").  Specifically, the defendant has no Fifth Amendment privilege against providing his palm and joint prints.  See, e.g., Schmerber v. California, 384 U.S. 757, 765 (1966) ("federal and state courts have usually held that [the Fifth Amendment] offers no protection against compulsion to submit to fingerprinting . . . ."); Smith v. United States, 324 F.2d 879, 882 (D.C. Cir. 1963) (holding that fingerprints of a suspect can be taken); see also United States v. Hubbell, 167 F.3d 552, 574 (D.C. Cir. 1999)(the giving of fingerprints merely requires the defendant to make himself available as a source of "real or physical evidence.").

Moreover, the Supreme Court held that compelled submission to fingerprinting does not implicate the Fourth Amendment.  The Fourth Amendment provides no protection for what a person knowingly exposes to the public, even in his home or office.  Dionisio, 410 U.S. at 14 (citing Katz v. United States, 389 U.S. 347, 351 (1967)).  Physical characteristics, such as a person's face, voice, fingerprints or handwriting, are constantly exposed to the public; therefore, no reasonable expectation of privacy applies to these attributes.  Id.

WHEREFORE, the government requests that the Court order the District of Columbia

Department of Corrections and the D.C. Jail to release the defendant to an MPD officer who will

transport the defendant to the Central Cell Block so that his palm and joint prints can be taken.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY


_____
TONYA SULIA
ASSISTANT UNITED STATES ATTORNEY
555 4th St., N.W., Room 4243
Washington, DC 20530
(202) 305-2195; (202) 353-9414 (fax)

4