UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 05-238 (JDB) |
| | : | |
| v. | : | **FILED** |
| | : | |
| DAMANI WILLIAMS, | : | OCT 2 4 2005 |
| defendant. | : | |

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## GOVERNMENT'S SUBMISSION TO THE COURT IN PREPARATION FOR THE UPCOMING PLEA HEARING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following in preparation for a plea hearing in the instant case.

I.   ELEMENTS OF THE OFFENSE:

   A.   The defendant is pleading guilty to Count Two of the indictment, Unlawful Possession with Intent to Distribute Cocaine, in violation of Title 21 U.S.C. Sections 841(a)(1) and 841(b)(1)(C). The essential elements of this offense are:

   1.   That the defendant possessed a controlled substance, cocaine;

   2.   That the defendant did so knowingly and intentionally;

   3.   That when the defendant possessed the cocaine, he had the specific intent to distribute it.

   B.   The defendant is pleading guilty to Count Three of the indictment, Unlawful Possession with Intent to Distribute Heroin, in violation of Title 21 U.S.C. Sections 841(a)(1) and 841(b)(1)(C). The essential elements of this offense are:

   1.   That the defendant possessed a controlled substance, heroin;

   2.   That the defendant did so knowingly and intentionally;

   3. That when the defendant possessed the heroin, he had the specific intent to distribute it.

II. COPY OF THE PLEA AGREEMENT:

A copy of the plea agreement, not yet executed by the defendant, is attached.

III. PENALTIES:

  A. Pursuant to Title 21 U.S.C. Section 841(b)(1)(C), the offense of Unlawful Possession with Intent to Distribute Cocaine carries a maximum sentence of 20 years, a $1,000,000 fine, and 3 years supervised release.

  B. Pursuant to Title 21 U.S.C. Section 841(b)(1)(C), the offense of Unlawful Possession with Intent to Distribute Heroin carries a maximum sentence of 20 years, a $1,000,000 fine, and 3 years supervised release.

IV. FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA:

If this case had gone to trial, the government's evidence would have shown the following beyond a reasonable doubt:

  A. On May 23, 2005 Investigator Derrick Hyman, of the Metropolitan Police Department's Fourth District Focus Mission Unit, secured a warrant to search the premises at #26 Van Buren St., N.W., Washington, DC. After Investigator Hyman secured the search warrant, he went to the area of the 200 block of Upsher St., N.W., Washington, DC to conduct surveillance of suspected drug activity. While conducting surveillance, Investigator Hyman observed an individual known as Anthony Lightfoot sitting in the driver's side of a 1999 Toyota with Utah tags. Hyman then observed the defendant get into the front passenger side of Lightfoot's 1999 Toyota. Lightfoot and the defendant then began to drive off. Investigator

Hyman radioed to marked units in the area, and asked the marked units to attempt to make contact with the defendant. A marked unit arrived in the area and got behind the 1999 Toyota. The Toyota, driven by Anthony Lightfoot, stopped. Other marked units arrived in the area, and at that point, the 1999 Toyota then took off. As the Toyota was fleeing from the police, the officers observed the defendant shaking a white powder substance out the window of the car onto the street. In the 6000 block of 2nd St., N.W., the 1999 Toyota struck a parked vehicle and came to a rest. At that point, both the defendant and Anthony Lightfoot got out of the car and started running. Officers gave chase, and were able to apprehend the defendant. On the front passenger floor board of the 1999 Toyota, officers observed a white powder substance. The substance was examined by a forensic chemist at the DEA Mid-Atlantic laboratory, and was determined to be 2.0 grams of cocaine. In a search incident to arrest, officers recovered a green weed substance from the defendant's jacket pocket. The green weed substance was examined by a forensic chemist from the DEA Mid-Atlantic Laboratory, and was determined to be 1.3 grams of marijuana.

Roughly forty-five minutes after the stop of the 1999 Toyota, members of the Fourth District Focus Mission Unit executed the warrant at #26 Van Buren St., N.W. When officers arrived at that location, they were met by the owner of the house, a 91-year-old woman. The homeowner provided the officers with information about the people who were staying in her house. The homeowner informed the officers that an individual, whom she identified as "DJ," was staying in the front bedroom in the basement. She further informed officers that an individual named "Mitch," who was also at the house when the officers executed the warrant, stayed in the back bedroom in the basement. The homeowner also told the officers that she

stayed in the front bedroom upstairs, and that her nephew, Tony Lightfoot, stayed in the upstairs rear bedroom.

Officers executed the search warrant and recovered several items. In the defendant's bedroom (the front basement bedroom), officers recovered the following:

(1) a blue plastic trunk with numerous items inside, including: a sandwich bag containing white powder; a clear ziplock containing two blue ziplocks with tan powder; strainers; a 9mm Ruger pistol; 9mm ammunition; a plastic bag containing .380 ammunition; a clear ziplock containing numerous clear ziplocks with an apple design; empty clear, pink and blue ziplocks; Manitol bottles; a scale with white residue; and a Tanita electronic scale;

(2) an Altoid tin can containing a ziplock with a white powder substance;

(3) a black bowl with a churning stick, containing white powder residue;

(4) mail matter in the name of Damani Williams;

(5) a book;

(6) a Motorolla talk-about;

(7) a .40 caliber carbine rifle, loaded with .40 caliber ammunition;

(8) a black shoulder bag containing strainers; a plastic spoon; a surgeon's mask; and ziplocks with white reside.

The tan powder substance was examined by a forensic chemist from the DEA Mid-Atlantic laboratory, and was determined to be .92 grams of heroin. The white powder substance in a sandwich bag was examined by a forensic chemist from the DEA Mid-atlantic laboratory and was determined to be .99 grams of methadone. The white powder substance inside the Altoid tin

can was examined by a forensic chemist from the DEA Mid-atlantic laboratory, and was determined to be 26.7 grams of cocaine.

B.  An expert witness would have testified at trial that the both the quantity and weight of the heroin and cocaine recovered from the defendant's bedroom are consistent with the quantity and weight of drugs that are intended to be distributed, rather than consumed for personal use. The expert would have also testified that other items recovered from the scene are implements used in the packaging and preparation of cocaine and heroin for distribution on the street. These items included numerous clear empty ziplock bags, a bottle of Manitol, scales, strainers, and surgeons masks.

        Respectfully submitted,

        KENNETH WAINSTEIN
        UNITED STATES ATTORNEY

        _____
        TONYA SULIA
        Assistant U.S. Attorney
        Organized Crime & Narcotic Trafficking Section
        Room 4243
        555 4th Street, N.W.
        Washington, DC 20530

## DEFENDANT'S ACKNOWLEDGMENT

I have read this factual proffer and have discussed it with my attorney, Michelle Peterson, Esquire. I fully understand this factual proffer. I agree and acknowledge by my signature that this proffer of facts is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this factual proffer fully.

Date: 10/24/05

_____
DAMANI WILLIAMS
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read this factual proffer, and have reviewed it with my client fully. I concur in my client's desire to adopt this factual proffer as true and accurate.

Date: 10/24/05

_____
MICHELLE PETERSON, Esquire
Attorney for Defendant